# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM JONES, aka**
**WILLIAM SEYMOUR JONES**

    **Petitioner,**

v.                           **CIVIL ACTION NO. 1:11cv142**
                                         **(Judge Keeley)**

**WARDEN KUMA DEBOO,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 9, 2011, the *pro se* petitioner, William Jones, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, challenging a detainer filed by the Commonwealth of Pennsylvania. The petitioner paid the required filing fee on October 17, 2011. On October 19, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On November 7, 2011, the respondent filed her response by filing a Motion to Dismiss. On November 9, 2011, a Roseboro Notice was issued. On November 23, the petitioner filed his response and memorandum of law in opposition to the Motion to Dismiss.

### II. FACTS

The petitioner was released on parole on August 25, 1997 by the Commonwealth Board of Probation and Parole. Thereafter, following a seven-day trial in the United States Court for the Eastern District of Pennsylvania, the petitioner was convected on Counts one through seven of

1

conspiracy to commit a Hobbs Act robbery; interference with commerce by robbery; use of a gun during a crime of violence; and possession of a firearm by a convicted felon. On September 26, 2003, the petitioner was sentenced as to Counts one, two, six and seven to 137 months imprisonment; 84 months of imprisonment on Count three to run consecutively to Counts one, two, six and seven; and 25 years as to Count five to run consecutively to all other counts. On October 1, 2003, the petitioner filed a Notice of Appeal of the final judgment, and on June 27, 2005, the Appeals Court affirmed his conviction but vacated the sentence and remanded the case for re-sentencing. On November 28, 2005, the petitioner was re-sentenced as to Counts one, two, six and seven to 110 months imprisonment, five years of supervised release, $40,755.99 in restitution, and a $600 special assessment fee. The petitioner was re-sentenced as to Count five with 300 months imprisonment to run consecutively with the other Counts, five years of supervised release, $40,755.99 in restitution, and a $600 special assessment fee. In total, the petitioner's term of imprisonment is 494 months. He was committed to the custody of the Bureau of Prisons ("BOP") on March 6, 2007, and designated to FCI Gilmer where he remains as the date of this Report and Recommendation. The petitioner's current projected release date, the date on which he will complete serving his sentence with consideration for good conduct time, is August 21, 2037.

In 2004, the Pennsylvania Board of Probation and parole issued a decision to recommit the petitioner as a "technical and convicted parole violator to serve 72 months backtime." (Doc. (28-6). In March of 2007, the Commonwealth of Pennsylvania lodged a detainer against the petitioner after he had begun serving his federal sentence at FCI Gilmer. (Doc. 20-1, p. 4). The petitioner now asserts that his state parole violator term has expired, and the detainer lodged against him should therefore be removed.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v.

Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## IV. ANALYSIS

The Interstate Agreement on Detainers ("IAD") is a compact among certain states, territories, and the United States regarding transfer of custody from one state to another, or from the federal government to a state, of prisoners who are subject to outstanding charges in another jurisdiction. See Carchman v. Nash, 473 U.S. 716, 719 (1985). As a congressionally-approved compact the IAD is federal law. Id. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Id.

The issuance of the detainer "is an act of the state based on the state's law and process." Esposito v. Mintz, 726 F.2d, 371, 373 (7th Cir. 1984). Therefore, the "proper jurisdictional basis" for a challenge to a detainer that "does not question the current detention under [a] federal judgment of conviction" is 28 U.S.C. § 2254. Id. In Esposito, the Seventh Circuit upheld the district court's dismissal of a petition for writ of habeas corpus under 28 U.S.C. § 2241: "We hold that a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254 and that the petitioner must show that he has exhausted available state remedies

4

before applying to a Federal district court for relief." Id.[1]

In this particular case, the petitioner does not challenge any aspect of his present confinement or any effect that the allegedly invalid detainer has on the conditions of his federal incarceration, allegations which would properly invoke jurisdiction under 28 U.S.C. § 2241. Norris v. Georgia, 522 F.2d 1006, 1011-12 (4th Cir. 1975). Instead, he is contesting the manner in which Pennsylvania authorities have applied state law to determine that he should be recommitted as a technical and convicted parole violator to serve 72 months backtime. Therefore, his challenge cannot be raised in a writ of habeas corpus under § 2241.[2] If the petitioner wishes to challenge the detainer, he must do so in a Pennsylvania court because his complaint is with the State of Pennsylvania and not the BOP.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 19) be **GRANTED** and the petitioner's §2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE** to his right to exhaust his state remedies and pursue a §2254 petition in the appropriate federal court in Pennsylvania. The undersigned further recommends that the petitioner's Motions for an evidentiary hearing (Docs. 25 & 31) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party

---

[1] The petitioner has filed a copy of an Order of Court issued by the Court of Common Pleas, Dauphin County, Pennsylvania on July 26, 2011, wherein his motion to quash the detainer was denied. (Doc. 28-3) However, the petitioner has provided no evidence that he appealed this decision to the Pennsylvania Superior Court, per 42 Pa.C.S. § 742 (jurisdiction of Superior Court).

[2] Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

5

may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: April 17, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE