**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM JONES, a/k/a**
**WILLIAM SEYMOUR JONES,**

**Petitioner,**

**v. // CIVIL ACTION NO. 1:11CV142**
**(Judge Keeley)**

**KUMA DEBOO,**

**Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court for review is the Magistrate Judge's Report and Recommendation ("R&R") concerning the 28 U.S.C. § 2241 petition filed by William Jones. For the reasons set forth below, the Court **ADOPTS** R&R in its entirety.

**I.**

On September 9, 2011, the pro se petitioner, inmate William Jones, a/k/a William Seymour Jones ("Jones"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) challenging a detainer lodged against him by the Commonwealth of Pennsylvania. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On November 7, 2011, the respondent, Kuma Deboo ("Deboo"), filed a Motion to Dismiss. (Dkt. No. 19). The Magistrate Judge issued a Roseboro notice to the petitioner on November 9th, and Jones thereafter filed a response in opposition to the respondent's

motion as well as two Motions for an Evidentiary Hearing. (Dkt. Nos. 25, 31).

On April 17, 2012, Magistrate Judge Kaull issued an R&R, in which he recommended that Deboo's Motion to Dismiss be granted, Jones's § 2241 petition be denied and dismissed without prejudice, and Jones's Motions for an Evidentiary Hearing be denied as moot. (Dkt. No. 32). Magistrate Judge Kaull determined that Jones could not pursue his claim pursuant to a § 2241 petition because he is not challenging any aspect of his current confinement, but rather the manner in which Pennsylvania authorities have applied state law to determine that he should be subject to a detainer as a convicted parole violator. Such a claim must be brought pursuant to a 28 U.S.C. § 2254 habeas corpus petition in the sentencing district, which, in this case, is the Eastern District of Pennsylvania. Magistrate Judge Kaull also found that Jones had failed to exhaust the administrative remedies required to assert his claim in federal court.

Jones filed timely objections to the R&R on April 24, 2012, in which he argues that his § 2241 petition is the proper vehicle for relief because it impacts his inmate status. (Dkt. No. 34). After conducting a de novo review, the Court concludes that Jones's objections are without merit.

**II.**

The Commonwealth of Pennsylvania Board of Probation and Parole ("Pennsylvania Board of Probation") released Jones on parole on August 25, 1997. Thereafter, on November 28, 2005, following Jones's conviction on federal charges, the United States District Court for the Eastern District of Pennsylvania sentenced Jones to a total of 494 months of incarceration.[1] Since March 6, 2007, Jones has been serving his sentence in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Gilmer, West Virginia ("FCI Gilmer"), within the Northern District of West Virginia.

On August 25, 2004, the Pennsylvania Board of Probation issued a decision finding that Jones had violated the conditions of his parole and recommitting him as a "technical and convicted parole violator to serve 72 months backtime." (Dkt. No. 28-6). After Jones began serving his sentence at FCI Gilmer in March of 2007, the Pennsylvania Board of Probation lodged a detainer against him pursuant to the Interstate Agreement on Detainers, requesting that the BOP transfer Jones into the custody of Pennsylvania officials at the conclusion of his federal sentence. Jones asserts that his

[1] The sentencing court initially sentenced Jones, following a jury trial, on September 26, 2003. Jones appealed, and on June 27, 2005, the United States Court of Appeals for the Fifth Circuit affirmed his conviction but vacated his sentence and remanded the case for resentencing.

state parole violator term has expired and that the detainer lodged against him should be removed.

**III.**

The issuance of a detainer "is an act of the state based on the state's law and process." Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir. 1984). Therefore, "[p]rinciples of comity and federalism" limit the Court's jurisdiction under § 2241 to review only complaints that a state detainer has had "adverse effects on the conditions of [the petitioner's] confinement." Norris v. State of Georgia, 522 F.2d 1006, 1012 (4th Cir. 1975).

Where the petitioner challenges the validity of another jurisdiction's detainer, rather than its impact on his present confinement, the proper vehicle for such a claim is 28 U.S.C. § 2254. Id. Unlike a § 2241 petition, which is properly brought in the district in which the inmate is confined, a § 2254 petition challenging an interstate detainer must be filed in the district in which the detainer originated. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 496-94 (1973); Word v. North Carolina, 406 F.2d 352, 255-56 (4th Cir. 1969). Moreover, a petitioner seeking relief under either § 2241 or § 2254 must first exhaust all available state remedies prior to filing his petition. Brown v. Smith, 826 F.2d 1493, 1495 (10th Cir. 1987), Esposito, 726 F.2d at 373.

Here, Jones does not challenge the conditions of his confinement at FCI Gilmer. Instead, he asks the Court to remove the detainer lodged against him because he contests the manner in which Pennsylvania authorities applied state law in recommitting him for the parole violation underlying the detainer. Jones's argument that his parole violator term has expired only attacks the validity of the detainer, and, thus, may not be raised in a § 2241 petition. See Norris, 522 F.2d at 1012.

In his objections, Jones argues for the first time that the "detainer hampers [his] BOP custody level and various programs and prison status" (dkt. no. 34 at 3), but an objection to an R&R is not the proper device to introduce new arguments or evidence to the Court. See 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same). Even had Jones asserted a timely challenge to the conditions of his confinement, however, he pled no facts to support his claims and has offered no evidence that he exhausted the requisite administrative remedies within the BOP prior to filing his petition.[2] See Word, 406 F.2d at 355-56.

[2] Jones's motion to quash the detainer filed in the Court of Common Pleas in Dauphin County, Pennsylvania is not a proper administrative remedy preceding a § 2241 petition because it is not a grievance filed within the BOP challenging his conditions of confinement. As Magistrate Judge Kaull discussed in the R&R, Jones's motion to quash may qualify as one step toward exhausting the administrative remedies preceding a § 2254 petition filed in the sentencing district, but there is no evidence that

Finally, although pro se pleadings are read broadly, the Court may not construe Jones's petition as a request for relief under § 2254. Such a petition must be filed in the sentencing district, in this case, the Eastern District of Pennsylvania, and, in any event, there is no evidence that Jones exhausted his state administrative remedies, as required to sustain a § 2254 petition. See Esposito, 726 F.2d at 373; Word, 406 F.2d at 255-56.

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 32);
2. **GRANTS** Deboo's Motion to Dismiss (dkt. no. 19);
3. **DENIES** Jones's § 2241 petition (dkt. no. 1);
3. **DENIES AS MOOT** Jones's Motions for an Evidentiary Hearing (dkt. nos. 25, 31);
4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of

---

Jones appealed the Dauphin County court's decision denying his motion.

the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 25, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE